# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
|  | : | NO. 99-525-03 |
| v. | : |  |
|  | : | CIVIL ACTION |
| DEMARK DIXON | : | NO. 09-1606 |

DUBOIS, J.                                                                                              JUNE 3, 2009

## **M E M O R A N D U M**

### I.     **PROCEDURAL HISTORY**

On August 31, 1999, a grand jury in the Eastern District of Pennsylvania returned an Indictment charging defendant, DeMark Dixon, and a number of other defendants, with one count of conspiracy to transport stolen vehicles in interstate commerce, in violation of 18 U.S.C. § 371, and one count of selling a stolen motor vehicle that had moved interstate commerce, and aiding and abetting in the sale of a stolen motor vehicle that had moved in interstate commerce, in violation of 18 U.S.C. §§ 2312 and 2(a).

On November 6, 2000, Dixon pled guilty to the conspiracy charge. On October 16, 2001, this Court sentenced Dixon to 55 months imprisonment, three years of supervised release, and a special assessment of $100 special. Thirty months of the sentence was ordered to run concurrently with sentences Dixon was already serving for offenses in other jurisdictions; the balance of the sentence—25 months—was ordered to run consecutively to the previously imposed sentences.

Dixon appealed the sentence to the United States Court of Appeals for the Third Circuit. On appeal, Dixon's counsel filed an *Anders* Brief which, *inter alia*, specifically addressed the imposition of a partially consecutive sentence, and concluded there was no error in imposition of

that sentence. United States v. Dixon, 57 Fed. Appx. 538, 538 (3d Cir. 2003). On February 14, 2003, the Third Circuit affirmed Dixon's conviction and sentence. Id. In affirming the sentence, the Third Circuit stated: "in view of these statements [the record at sentencing], and the specific reference to the factors set forth in the commentary to § 5G1.3 [of the United States Sentencing Guidelines], any argument that the District Court abused its discretion in ordering a partially consecutive sentence would be legally frivolous." Id. at 541.

On August 28, 2002, Dixon filed a *pro se* Letter/Motion in which he requested this Court to order the Bureau of Prisons: 1) to calculate his term of imprisonment by reference to his prior 120 month sentence, which was imposed by the United States District Court for the Eastern District of New York (Docket No. 97-CR-543) on September 23, 1999; and 2) to disregard his prior 147 month sentence, which was imposed by United States District Court for the Southern District of New York (Docket No. 97-CR-498) on February 26, 1998.[1] The Court denied that Letter/Motion by Order dated September 3, 2002, concluding that the Bureau of Prisons correctly calculated that 25 months of the sentence imposed by this Court must run consecutively to defendant's previous federal sentences—prior sentences that totaled 157 months incarceration.[2] Dixon did not appeal the Order of September 3, 2002.

On July 22, 2008, Dixon filed a Letter Memorandum for Modification of Sentence under

---

[1] The Government erroneously referred to the 2002 filing by Dixon as a Motion under 28 U.S.C. § 2255, but did not then argue that the pending § 2255 Motion was a second or successive motion.

[2] The sentencing judge who imposed the 120 month sentence ordered that it run partially concurrently and partially consecutively to the prior 147 month sentence that had been previously imposed. Specifically, ten months of the sentence was ordered to run consecutively, and the balance, 110 months, was ordered to run concurrently.

2

18 U.S.C. § 3582(c)(2) (Document No. 659). In that Letter Memorandum, Dixon requested that this Court order the entire sentence it imposed to run concurrently with the previously imposed federal sentences and release him from custody. By Order dated July 28, 2008, this Court denied the Letter Memorandum for Modification of Sentence for the reasons that were set forth in the Order of September 3, 2002. Dixon filed a timely notice of appeal, which the Third Circuit dismissed with prejudice on his Motion on April 21, 2009.

On April 15, 2009, defendant filed the pending Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. In the Motion, he argues that counsel was ineffective at sentencing for failing to investigate the sentencing records in his criminal case in the Eastern District of New York and to advise this Court that ten months of that 120 month sentence was to run consecutively to his prior sentence. Specifically, defendant argues that counsel's failure to raise this issue resulted in incremental punishment for the relevant conduct common to the Eastern District of New York case and the instant case—car thefts—such that he was punished twice: the ten month consecutive sentence imposed in the Eastern District of New York, and the 25 month consecutive sentence imposed by this Court.[3]

---

[3] There is no dispute that, at sentencing, this Court did not have before it the sentencing transcripts of the proceedings in New York. However, the Court was told that some part of the sentence imposed in the Eastern District of New York ran consecutively to the previously imposed New York sentence. Defendant's entire argument is based on the premise that, had the Court known that 10 months of 120 month sentence was imposed by the sentencing judge in the Eastern District of New York to run consecutively to the previously imposed federal sentence, this Court would have imposed a different sentence in this case. That assumption is incorrect. This Court, in imposing its sentence, and in determining that 25 months of a 55 month sentence should run consecutively to the previously imposed sentences in New York, considered the fact that some part of the second sentence imposed in New York, the 120 month sentence imposed in the Eastern District of New York case, ran consecutively to the previously imposed New York sentence. This Court's consecutive sentence of 25 months was imposed "to achieve a reasonable punishment for the instant offense" pursuant to § 5G1.3(c) of the United States Sentencing Guidelines.

## II. DISCUSSION

### A. The Statute of Limitations for a Motion under 28 U.S.C. § 2255

28 U.S.C. § 2255(f) provides a one-year statute of limitations for § 2255 motions. The limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)–(4). Because §§ 2255(f)(2), (3) and (4) are inapplicable to this case, the one-year statute of limitations for defendant's Motion began to run on the date on which the judgment of conviction became final. Under § 2255(f)(1), "a judgment of conviction becomes final when the time expires for filing a petition of certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003).

Dixon was sentenced on October 16, 2001. On October 19 and 23, 2001, he filed Notices of Appeal to the United States Court of Appeals for the Third Circuit, which affirmed the sentence and conviction by Opinion and Judgment dated February 14, 2003. Thereafter, Dixon had 90 days within which to file a petition for writ of certiorari, and his sentence and conviction became final on May 15, 2003—90 days after February 14, 2003.[4] Thus, Dixon had until May

---

[4]Dixon did not file a petition for writ of certiorari.

15, 2004 to file his § 2255 Motion, and he failed to do so. The Motion was not filed until April 14, 2009, nearly five years too late.

Dixon argues, by implication, that the Motion is timely because it was filed only one week after the United States Court of Appeals for the Third Circuit dismissed his appeal of this Court's Order of July 28, 2008, denying his Letter Memorandum for a sentence reduction under 18 U.S.C. § 3582(c)(2). The short answer to that argument is that a motion under § 3582(c)(2) does not affect the finality of a sentence and judgment of conviction. 18 U.S.C. § 3582(b) makes it absolutely clear that the finality of a judgment of conviction and sentence is not affected by the possibility that the sentence might later be modified. That provision provides:

> (b) Effect of finality of judgment. Notwithstanding the fact that a sentence to imprisonment can subsequently be—
> (1) modified pursuant to the provisions of subsection (c);
> (2) corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure and section 3742; or,
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. § 3582(b); see also United States v. Sanders, 247 F.3d 139 (4th Cir. 2001).

**B.    Equitable Tolling**

Dixon does not address the issue of equitable tolling in his § 2255 Motion. Nevertheless, the Court deems it appropriate to discuss it.

"A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96 (1990)).

5

The record discloses that Dixon raised the argument which underlies his § 2255 Motion in his appeal to the Third Circuit. That argument was rejected by the Third Circuit on February 14, 2003, when it affirmed Dixon's conviction and sentence. As of that time, Dixon had 15 months, until May 14, 2004, to file his § 2255 Motion, but he failed to do so and failed to provide any reason for the delay. Under those circumstances, the Court finds that he has not pursued his rights diligently. Moreover, there is no evidence that some extraordinary circumstances stood in his way. For those reasons, the Court concludes that equitable tolling is inapplicable to Dixon's § 2255 Motion.

### C. A Certificate of Appealability Will Not Issue

A certificate of appealability shall issue only if the defendant establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c). The Court concludes that defendant has not made such a showing with respect to the *pro se* § 2255 Motion. Thus, a certificate of appealability will not issue.

## IV. CONCLUSION

For the foregoing reasons, *pro se* defendant DeMark Dixon's Motion Under 28 U.S.C. § 2255 is dismissed as untimely. Because defendant has not made the requisite showing of a denial of a constitutional right, a certificate of appealability will not issue.

An appropriate order follows:

6